UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

HUANG QIULI,

Petitioner,

v.

CHRISTOPHER LAROSE, Warden Otay Mesa Detention Center, et al.,

Respondents.

Case No.:  26-CV-2320 JLS (JLB)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

(ECF No. 1)

Presently before the Court is Petitioner Huang Qiuli's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1).  Also before the Court is Respondents' Return to Habeas Petition ("Ret.," ECF No. 4).  Petitioner did not file a traverse.  *See generally* Docket.  For the reasons set forth below, the Court **DENIES** Petitioner's Petition for Writ of Habeas Corpus.

**BACKGROUND**

Petitioner is a citizen and national of China who entered the United States on a B-2 visitor visa on July 3, 2023.  Pet. ¶ 1.  Petitioner has resided in the United States ever since despite her visa expiring.  Ret. at 2–3; Ex. 3 at 3.  On June 27, 2024, Petitioner applied for asylum.  Pet. ¶ 2.  Petitioner has attended her biometrics appointments and interviews scheduled by USCIS and was granted work authorization.  *Id.* ¶¶ 4, 10.  On March 16,

2026, Petitioner was driving when she accidentally approached the gate at Camp Pendleton and was stopped. *Id.* ¶ 8. Petitioner was then transported to the Otay Mesa Detention Center where she was issued a Notice to Appear and placed in removal proceedings under 8 U.S.C. § 1229a. Ret. at 2. Petitioner was charged as removable under 8 U.S.C. § 1227(a)(1)(B) as an individual who was admitted to the United States and has remained for a time longer than permitted by law (i.e., a visa overstay). *Id.* On March 25, 2026, Petitioner had a bond hearing scheduled pursuant to 8 U.S.C. § 1226(a). *Id.* at 3. Petitioner was denied bond because the Immigration Judge determined that Petitioner "failed to establish that she does not present a danger to the community." *Id.* Petitioner has not appealed her bond denial. *Id.*

**LEGAL STANDARD**

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention— federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

**DISCUSSION**

Petitioner brings the current Petition arguing that Respondents' revocation of Petitioner's "liberty" without notice or a neutral determination of her circumstances violated the Administrative Procedure Act and the Due Process Clause of the Fifth Amendment. *See generally* Pet. Respondents argue that Petitioner is lawfully detained

2

under 8 U.S.C. § 1226(a) as an alien removable and 8 U.S.C. § 1227(a)(1)(B) as an individual who overstayed their visa.  Ret. at 3.  Respondents contend that Petitioner was entitled to a bond hearing under § 1226(a), which she received.[1]  *Id.* at 3.  The Court agrees with Respondents.

Petitioner entered the United States on a B-2 visitors visa which expired, thus making her "an individual who was admitted to the United States but remained for a time longer than permitted by law."  Ret. at 2; Ex. 3 at 3.  Because of this, Petitioner was deemed removable under 8 U.S.C. § 1227(a)(1)(B) and placed into removal proceedings under § 8 U.S.C. § 1229a. Ret. at 3.  Section 1226(a) applies to a noncitizen who is "detained pending a decision on whether the alien is to be removed from the United States."  8 U.S.C. § 1226(a).   Petitioner is now detained waiting for the adjudication of her removal proceedings and asylum application—thus, rightfully placing her in detention subject to § 1226(a).  Further, Petitioner had a bond hearing under § 1226(a), which was denied based on danger to the community. *Id.* at 3.  Respondents contend that Petitioner's remedy is an appeal of her bond denial, which Petitioner has yet to file. *Id.*

Petitioner "bears the burden of demonstrating that '[sh]e is in custody in violation of the Constitution or laws or treaties of the United States.'" *Zhang v. LaRose*, No. 26-CV-1299-RSH-SBC, 2026 WL 794202, at *1 (S.D. Cal. Mar. 20, 2026) (quoting 28 U.S.C. § 2241(c)(3)).  The Court finds that Petitioner has not demonstrated that her custody is in violation of the Constitution or laws or treaties of the United States.  Petitioner does not argue she is improperly detained under § 1226(a).  Nor could she, as the Court finds that she is properly detained under § 1226(a) as a noncitizen who is "detained pending a decision on whether the alien is to be removed from the United States."

---

[1] Respondents also make several arguments regarding jurisdiction and exhaustion that the Court need not decide to resolve the Petition.  Ret. at 4–8.  Nonetheless, the Court notes that it has previously found jurisdiction and waived exhaustion for similar challenges. *See, e.g.*, *Salazar v. Casey*, No. 25-CV-2784 JLS (VET), 2025 WL 3063629, at *2 (S.D. Cal. Nov. 3, 2025); *Equivel-Ipina v. LaRose*, No. 25-CV-2672 JLS (BLM), 2025 WL 2998361, at *3–4 (S.D. Cal. Oct. 24, 2025).

26-CV-2320 JLS (JLB)

Instead, Petitioner argues that her initial detention was improper because Respondents revoked Petitioner's "liberty" without a "prior individualized custody determination." Pet. ¶¶ 15–19. If Petitioner was previously detained and released on parole, a pre-deprivation consideration of her individualized circumstances would be required. *See, e.g.*, *Salazar v. Casey*, No. 25-CV-2784 JLS (VET), 2025 WL 3063629, at *4 (S.D. Cal. Nov. 3, 2025) ("The Court finds that all three factors support a finding that the Government's revocation of Petitioner's parole without notification, reasoning, or an opportunity to be heard, denied Petitioner of her due process rights."). However, here, Petitioner has never been detained, and thus, there has been no initial determination by DHS that Petitioner poses no danger to the community and is not a flight risk. *See id.* ("Since DHS's initial determination that Petitioner should be paroled because she posed no danger to the community and was not a flight risk, there is no evidence that these findings have changed."). Rather, DHS's initial determination of Petitioner's danger to the community was during her March 25, 2026, § 1226(a) bond hearing, where it was determined Petitioner was a danger to the community. Ret. at 3; Ex. 4 at 1. Further, Petitioner argues that her work authorization and pending asylum application create a liberty interest in remaining out of custody, but Petitioner does not provide any authority supporting this assertion nor is the Court aware of any. Pet. ¶¶ 57–68. Petitioner also argues that her due process rights were violated by "revoking Petitioner's release on recognizance." *Id.* ¶ 67. However, Petitioner was never released on her own recognizance from immigration custody. Petitioner entered the country on a B-2 visitors visa and has not otherwise been detained by immigration authorities. *Id.* ¶¶ 1–14.

The Court is not convinced that Petitioner has demonstrated a liberty interest in her release requiring any additional due process protections than Petitioner has already received. Petitioner received a bond hearing under § 1226(a) and had the opportunity to appeal. Therefore, the Petition is **DENIED** on due process grounds.

Regarding Petitioner's APA argument, Petitioner also argues that Respondents have violated the APA by categorically revoking Petitioner's liberty and transferring her to the

26-CV-2320 JLS (JLB)

Otay Mesa Detention Center without consideration of her individualized facts and circumstances.  Pet. ¶¶ 79–82.  However, the Court agrees with Respondents that "[Section] 704's requirement that to proceed under the APA, agency action must be final or otherwise reviewable by statute is an independent element without which courts may not determine APA claims."  *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1171 (9th Cir. 2017).  Here, Petitioner's removal proceedings are ongoing, and it is unclear what "final agency action" Petitioner seeks to be reviewed.  Ret. at 9.  Further, in Petitioner's APA section, Petitioner requests a bond hearing, which she has already received.  Pet. ¶¶ 81–82.  Therefore, the Petition is **DENIED** on APA grounds.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) **WITHOUT PREJUDICE**.  As this concludes the litigation in this matter, the Clerk **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated:  May 1, 2026

Hon. Janis L. Sammartino
United States District Judge

26-CV-2320 JLS (JLB)